UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

KURTIS LEE BROWN, )
 )
    Plaintiff, )
 )
v. ) CV418-036
 )
STATE OF GEORGIA, *et al.*, )
 )
    Defendants. )

FILED
Scott L. Poff, Clerk
United States District Court

By jburrell at 3:02 pm, Aug 31, 2018

# REPORT AND RECOMMENDATION

Plaintiff Kurtis Lee Brown brings this 42 U.S.C. § 1983 complaint against various state actors regarding his arrest and detention in Chatham County. Doc. 1 at 3-5. The Court, having reviewed his application to proceed *in forma pauperis*, granted him leave and ordered Brown to return the necessary forms. Doc. 16. Upon further review, however, it has become clear that Brown's litigation history includes more than three cases that count as "strikes" under 28 U.S.C. § 1915(g). *See Brown v. Georgia State Bd. of Pardons & Paroles*, CV517-249 (M.D. Ga. Oct. 4, 2017) (denying plaintiff's motion for leave to proceed IFP and dismissing action without prejudice (citing *Brown v. Howerton*, CV111-4080 (N.D. Ga. Feb. 9, 2012) (dismissed for failure to state a claim); *Brown v. Thomas*, CV407-124 (S.D. Ga. Dec. 8, 2008) (dismissed for abuse

of judicial process and noting the case should count as a strike for § 1915(g) purposes, citing *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998)); *Brown v. McConnell, et al.*, CV409-086 (S.D. Ga. July 27, 2009) (dismissing a nearly identical malicious prosecution action for failure to state a claim)[1]; *Brown v. Ga. Dep't of Corrs.*, CV112-3353 (N.D. Ga. Oct. 31, 2012) (adopting recommendation of dismissal based on § 1915(g)).[2] Plaintiff is accordingly barred from prosecuting this action IFP unless he is in imminent danger of serious physical injury.

But Brown's Complaint does not include any allegation that could bring him within § 1915(g)'s "imminent danger" exception. *See generally* doc. 1. His allegations stem from the 2005 warrant for his arrest and 2007 prosecution and sentence for child molestation in Chatham County Superior Court, and seeks the return of some money apparently stolen from him in a grand conspiracy orchestrated by the State of Georgia and its officials. He attaches a flurry of nonsensical "commercial" documents

---

[1] Brown has also brought his same grievances with his state prosecution in an untimely 28 U.S.C. §2254 petition. *Brown v. Sellers*, CV412-153 (S.D. Ga. Aug. 10, 2012); *see also Brown v. Georgia*, CV413-085 (S.D. Ga. June 13, 2013).

[2] Both this Court and the Middle District have noted Brown's attempts to circumvent the § 1915(g) bar by utilizing various aliases, including "Curtis Lee Brown" and "Kurtis Ladell Brown." *See Brown*, CV407-124, doc. 12 (S.D. Ga.); *Brown*, CV517-249, doc. 11 at n. 2 (M.D. Ga.).

signed under a variety of pseudonyms (*see, e.g.,* doc. 1-3 ("commercial lien" against the federal government, signed "K/Curtis-Lee:Brown-Bey"), doc. 1-4 (an excerpt from "The Evolution of Redemption," signed "K/Curtis-Lee:Brown-Bey© 'sovereign'/'moorish'")), none of which even hint at "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). These claims do not plausibly implicate Brown's physical safety. *See, e.g., Skillern v. Jackson*, 2006 WL 1687752 at * 2 (S.D. Ga. June 14, 2006) (citing *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004)) (imminent danger exception "require[s] specific allegations of present imminent danger that may result in serious physical harm.")). Plaintiff's Complaint should, therefore, be dismissed. If he wishes to pursue these claims, he must bring a separate action and pay the full filing fee.

In sum, the Court **VACATES** its prior Order (doc. 16), recommends that Brown's request to proceed IFP be **DENIED**, and recommends that Brown's Complaint should be **DISMISSED**. His various motions for injunctive and other relief (docs. 3, 4, 5 & 8) are **DENIED** as moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of

service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this __31st__ day of August, 2018.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA